UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 10-CR-74 (JFB)

UNITED STATES OF AMERICA,

VERSUS

MARIO ALPHONSO HERRERA-UMANZOR,

Defendant.

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 05 2025 ★

LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
August 5, 2025

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On July 3, 2012, Mario Alphonso Herrera-Umanzor ("Herrera-Umanzor" or "the defendant") pled guilty to causing the death of David Sandler through the use of a firearm on February 17, 2010, in violation of 18 U.S.C. § 924(j)(1). (Dkt. No. 957) The conviction arose from the defendant's participating in La Mara Salvatrucha, also known as the "MS-13." On September 10, 2013, the Court sentenced Herrera-Umanzor to 264 months' imprisonment. (Dkt. Nos. 1388, 1390) The defendant is currently serving his sentence.

Herrera-Umanzor filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 1722) The defendant also filed a motion to appoint counsel, which was denied by the Court. (Dkt. Nos. 1735, 1754) The government filed its opposition to the defendant's motion (Dkt. No. 1728) and the defendant did not file a reply.

Having considered all of the submissions, for the reasons set forth below, Herrera-Umanzor's motion for a reduction of his sentence is denied.

I. APPLICABLE LAW

As a threshold matter, to file a motion for a reduction in sentence under Section 3582(c)(1)(A) (also known as a "compassionate release motion"), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). With respect to the exhaustion requirement, the Second Circuit has clarified that it "is not a jurisdictional limitation on a court's power to consider an inmate's motion for

compassionate release. Rather, [Section] 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam).

Under Section 3582(c)(1)(A), district courts have the discretion to grant compassionate release where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). District courts in the Second Circuit may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *see id.* at 236 (holding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling"). However, "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under [Section] 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). More specifically, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Moreover, because "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks, citations, and footnote omitted), a district court is not required "to answer these [two] questions sequentially, as each is committed to the court's discretion," *United States v. Holmes*, 858 F. App'x 429, 430 (2d Cir. 2021) (summary order). In other words, a district court may deny a motion for compassionate release in "sole reliance" on the Section 3553(a) factors, without determining "whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam) (footnote omitted).

II. DISCUSSION[1]

Herrera-Umanzor seeks release or a reduction in his sentence based on three grounds: (1) he faces potential health risks at the jail because of COVID-19; (2) he is a citizen of El Salvador and will be deported at the end of his sentence; and (3) he is serving a sentence for receipt of child pornography which, he argues, is a crime that law enforcement can prevent with computer technology, and has resulted in alleged hardships to him while incarcerated for such an offense.

The Court concludes that neither the risks regarding COVID-19 nor his deportation to El Salvador upon completion of his sentence constitute an extraordinary and compelling reason for a reduction in his sentence. Moreover, it is entirely unclear why he has raised the third argument because he was convicted of murder through the use of a firearm, not a child pornography offense. In short, the Court finds that none of the grounds asserted by the defendant, either individually or collectively, demonstrate extraordinary

---

[1] As a threshold matter, the government does not dispute that the defendant has satisfied the exhaustion requirement.

and compelling circumstances warranting a sentence reduction.

In any event, even assuming *arguendo* that this requirement has been met, the Court denies the motion in its discretion because the Section 3553(a) factors weigh overwhelmingly against any reduction. Herrera-Umanzor pled guilty to participating in a murder as part of the violent activities of the MS-13 street gang. Thus, at sentencing, the Court determined that, notwithstanding any mitigating factors, the 264 months' imprisonment was necessary to, *inter alia*, adequately reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and provide a just punishment for his violent activities and the harm caused by that conduct (including the senseless loss of Mr. Sandler's life). Having reviewed *de novo* the Section 3553(a) factors, the Court's view as to the importance of the above-referenced factors, as well as the other reasons for the original sentence, has not changed. The grounds for the defendant's motion do not alter the Court's determination that the combination of Section 3553(a) factors (discussed above) still overwhelmingly counsels against any sentence reduction.

In sum, even assuming *arguendo* Herrera-Umanzor has demonstrated "extraordinary and compelling reasons" for his sentence reduction, these circumstances do not outweigh the Section 3553(a) factors that warrant a denial of his motion. 18 U.S.C. § 3582(c)(1)(A)(i).

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court, in its discretion, denies the defendant's motion. The Clerk of the Court shall mail a copy of this Order to the defendant.

SO ORDERED.
/s/ Joseph F. Bianco

JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: August 5, 2025
Central Islip, NY

\* \* \*

The United States is represented by Assistant United States Attorneys John J. Durham and Megan E. Farrell of the United States Attorney's Office for the Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Defendant Mario Alphonso Herrera-Umanzor is proceeding *pro se*, FCI Marianna, 3625 FCI Road, Marianna, Florida 32446.